UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUTFALLAH T. SAWABINI,

        Plaintiff,

      -v-                   3:21-CV-158

RYAN McCONN, (McConn),
JOSEPH CATANIA
(Catania), NEW YORK SPINE
WELLNESS CTR, (NYSWC),
ERIC TALLARICO (Tallarico),
and SYRACUSE ORTHOPEDIC
SPECIALTY (SOS),

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                           OF COUNSEL:

LUTFALLAH T. SAWABINI
Plaintiff, Pro Se
11 Manatee Avenue
Sidney, NY 13838

SMITH, SOVIK, KENDRICK         ERIC G. JOHNSON, ESQ.
   &amp; SUGNET, P.C.                  KAREN G. FELTER, ESQ.
Attorneys for Defendants
250 South Clinton Street, Suite 600
Syracuse, NY 13202

DAVID N. HURD
United States District Judge

## **MEMORANDUM-DECISION and ORDER**

## I. **INTRODUCTION**

On February 10, 2021, *pro se* plaintiff Lutfallah Sawabini ("Sawabini" or "plaintiff") filed this civil rights action against defendants Ryan McConn, M.D. ("Dr. McConn"), Joseph Catania, M.D. ("Dr. Catania"), New York Spine Wellness Center ("New York Spine"), Eric Tallarico, M.D. ("Dr. Tallarico"), Syracuse Orthopedic Specialists[1] ("Syracuse Orthopedic"), and MLMIC Insurance Company ("MLMIC Insurance").  Broadly construed, plaintiff's complaint asserted claims sounding in medical malpractice.  Dkt. No. 1.

On April 1, 2021, Dr. Catania, Dr. McConn, Dr. Talarico, New York Spine, and Syracuse Orthopedic (collectively the "medical defendants") moved under Federal Rule of Civil Procedure ("Rule") 12(b)(1) to dismiss Sawabini's complaint for lack of subject matter jurisdiction.  Dkt. No. 24.  As the medical defendants explained, plaintiff's complaint asserted purely state law claims against non-diverse parties.  *Id*.  MLMIC Insurance filed a separate motion to dismiss under Rule 12(b)(1) and 12(b)(6) in which it asserted that plaintiff could not sue the medical defendants' insurer because he had not yet obtained any judgment against them.  Dkt. No. 25.

---

[1] Plaintiff refers to this entity at "Syracuse Orthopedic Specialty."

On April 5, 2021, Sawabini cross-moved to amend his complaint. Dkt. No. 27. That motion was initially denied by U.S. Magistrate Judge Miroslav Lovric because, *inter alia*, plaintiff had failed to comply with the Local Rules governing the amendment of pleadings. Dkt. No. 29. Thereafter, Judge Lovric denied a request for the appointment of counsel, Dkt. No. 37, but assisted plaintiff in filing his amended complaint as of right in accordance with Rule 15(a)(1)(B), Dkt. No. 36.

Sawabini's amended complaint and attached exhibits re-assert claims for medical malpractice and negligence under state law. Dkt. No. 36. The amended complaint also purports to be a class action pleading that alleges the medical defendants failed to file certain reports required by the Federal Drug Administration ("FDA") and/or that these defendants used drugs that were not approved by the FDA. *Id.*

On April 22, 2021, all of Sawabini's claims against MLMIC Insurance were dismissed by stipulation. Dkt. No. 43. Thereafter, the medical defendants moved under Rule 12(b)(1) and 12(b)(6) to dismiss plaintiff's amended complaint in its entirety. Dkt. No. 45. According to the medical defendants, the latest pleading does nothing to cure the deficiencies that were present in the last complaint: it alleges purely state law claims against non-diverse defendants and therefore does not belong in federal court. *Id.*

The motion has been briefed and will be considered on the basis of the submissions without oral argument.[2]

## II. BACKGROUND

Sawabini's forty-one page amended complaint is almost completely incomprehensible. Dkt. No. 36. Plaintiff alleges that this "lawsuit was filed due to bloody gross medical malpractice negligence and negligence per se." *Id.* at 5.[3] As best the Court can tell, plaintiff alleges that the named defendants worked together to incorrectly perform one or more spinal surgeries and/or spinal procedures on plaintiff. *Id.* at 8–9. As a result of this alleged mistreatment, plaintiff suffered medical complications and injuries. *Id.* at 10–12.

## III. LEGAL STANDARDS

### A. Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional

---

[2] In addition to the briefing on the motion to dismiss, Sawabini filed yet another amended complaint, Dkt. No. 36, as well as ten additional motions requesting a wide range of relief, Dkt. Nos. 39, 40, 46, 47, 48, 49, 52, 53, 56, 59. On May 7, 2021, Judge Miroslav Lovric ordered plaintiff's second amended pleading stricken from the docket as improperly filed without leave of Court or the written consent of the opposing parties. Dkt. No. 55. Judge Lovric also denied plaintiff's motion for reconsideration of his order staying certain deadlines, Dkt. No. 60, denied plaintiff's various requests to file certain supplements to the briefing, Dkt. Nos. 61–62, and denied plaintiff's motions to produce and to quash or strike, Dkt. No. 64. Judge Lovric denied the other pending motions by text order dated May 26, 2021. Dkt. No. 67.

[3] Pagination corresponds to CM/ECF.

power to adjudicate it." *Forjone v. Dep't of Motor Vehicles*, 414 F. Supp. 3d 292, 297–98 (N.D.N.Y. 2019) (cleaned up). "The Second Circuit has drawn a distinction between two types of Rule 12(b)(1) motions: (i) facial motions and (ii) fact-based motions." *Nicholas v. Trump*, 433 F. Supp. 3d 581, 586 (S.D.N.Y. 2020); *see also Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) ("A Rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial or fact-based.").

"A facial Rule 12(b)(1) motion is one based solely on the allegations of the complaint or the complaint and exhibits attached to it." *Nicholas*, 433 F. Supp. 3d at 586 (cleaned up). "A plaintiff opposing such a motion bears no evidentiary burden." *Id*. "Instead, to resolve a facial Rule 12(b)(1) motion, a district court must determine whether the complaint and its exhibits allege facts that establish subject matter jurisdiction." *Id*. "And to make that determination, a court must accept the complaint's allegations as true and draw all reasonable inferences in favor of the plaintiff." *Id*.

"Alternatively, a defendant is permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the complaint and its exhibits." *Nicholas*, 433 F. Supp. 3d at 586 (quoting *Carter*, 822 F.3d at 57). "In opposition to such a motion, a plaintiff must come forward with evidence of their own to controvert that presented by the defendant, or may instead rely on the allegations in their pleading if the evidence proffered by the defendant is

immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing." *Id.* (cleaned up). "If a defendant supports his fact-based Rule 12(b)(1) motion with material and controverted extrinsic evidence, a district court will need to make findings of fact in aid of its decision as to the subject matter jurisdiction." *Id.*

### B. Rule 12(b)(6)

"To survive a Rule 12(b)(6) motion to dismiss, the factual allegations must be enough to raise a right to relief above the speculative level." *Ginsburg v. City of Ithaca*, 839 F. Supp. 2d 537, 540 (N.D.N.Y. 2012) (cleaned up). "Dismissal is appropriate only where plaintiff has failed to provide some basis for the allegations that support the elements of his claims." *Id.* "When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor." *United States v. Bedi*, 318 F. Supp. 3d 561, 564–65 (citation omitted). "In making this determination, a court generally confines itself to the 'facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken.'" *Bedi*, 318 F. Supp. 3d at 564–65 (quoting *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016)).


## IV. <u>DISCUSSION</u>

Sawabini is entitled to special consideration because he is proceeding *pro se*. Accordingly, his amended complaint, "however inartfully pleaded, must be held to less stringent standards than a formal pleading drafted by lawyers." *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) (cleaned up).

As the Second Circuit has repeatedly instructed, a complaint filed *pro se* "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). "This is particularly so when the *pro se* plaintiff alleges that h[is] civil rights have been violated." *Ahlers*, 684 F.3d at 60 (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008)).

As mentioned *supra*, in addition to his 41-page amended complaint Sawabini has filed a number of additional submissions that have been construed as motions or cross-motions for relief. Dkt. Nos. 39, 40, 46, 47, 48, 49, 52, 53, 56, 59.

Because he is *pro se*, these additional submissions—in particular the substance of the two cross-motions to amend at Dkt. Nos. 52 and 56—have been examined in an effort to determine the nature and sufficiency of his claims for relief. *See, e.g.*, *Boguslavsky v. Kaplan*, 159 F.3d 715, 719 (2d Cir.

1998) ("[C]ourts may look to submissions beyond the complaint to determine what claims are presented by an uncounseled party.").

Notably, however, Sawabini has some prior litigation experience in federal court. Indeed, a quick search for plaintiff's full name in a directory of court decisions turns up several results. *Sawabini v. O'Connor Hosp.*, 2017 WL 4460766 (N.D.N.Y. Oct. 6, 2017) (dismissing on summary judgment plaintiff's complaint against hospital employees); *Sawabini v. McGrath*, 2017 WL 3727370 (N.D.N.Y. Aug. 28, 2017) (granting defendants' motion for judgment on the pleadings against hospital employees); *Sawabini v. O'Connor Hosp.*, 2015 WL 5827656 (N.D.N.Y. Oct. 6, 2015) (dismissing with leave to amend plaintiff's *pro se* complaint alleging discrimination under Title VII and New York law).

In other words, Sawabini is an active *pro se* litigant. Thus, while he is still entitled to a significant measure of deference and solicitude, he is entitled to somewhat less deference than would be appropriate for a totally unsophisticated newcomer to federal litigation. *Cf. Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010) (suggesting withdrawal of special solicitude as to particular matters with which the *pro se* litigant is familiar might be permissible but rejection notion that total withdrawal of solicitude is appropriate absent extraordinary showing of *pro se* litigant's experience in "all aspects" of a case).

This is actually the second federal lawsuit that Sawabini has filed against Dr. McConn and Dr. Catania arising out of his alleged mistreatment for a spine injury. *Sawabini v. McConn*, ("*Sawabini I*") 2021 WL 878731 (N.D.N.Y. Mar. 9, 2021). In that prior suit, plaintiff alleged that Dr. McConn, Dr. Catania, and others had violated his rights under the Americans with Disabilities Act ("ADA") by denying him equal access to medical treatment related to a spine injury. *Id.* at *3.

After examining the various documents filed by Sawabini in that litigation, this Court dismissed plaintiff's complaint without further leave to amend. *Sawabini I*, 2021 WL 878731, at *3–*4. In so doing, this Court observed that:

> The discernible core of Sawabini's complaint is his argument about treatment decisions attributable to the three named defendants. But his allegations sound an awful lot like plaintiff has attempted to assert a medical malpractice claim based on improper medical care. If Sawabini believes one or more of the named defendants are liable for making a treatment decision that fell below the applicable standard of medical care, plaintiff's remedy is a malpractice suit in state court.

*Sawabini*, 2021 WL 878731, at *4.

Sawabini's current lawsuit was filed on February 10, 2021, shortly before the Court dismissed *Sawabini I* on March 9, 2021. Notably, however, plaintiff amended his complaint in this action on April 13, several weeks *after*

this Court handed down its ruling in *Sawabini I* on March 9. This timing is relevant because it means Sawabini had the benefit of the Court's guidance about the deficiencies in his prior pleading (arising out of apparently the same factual allegations and involving some or all of the same defendants) when he amended his complaint in this second action.

Despite the benefit of that guidance, plaintiff appears to have simply re-filed a new variation on his state law medical malpractice claim(s) in federal court (in this current action) rather than pursuing them in the state forum that this Court suggested would be more appropriate in *Sawabini I*.

With all this in mind, Sawabini's amended complaint in this action must be dismissed. "A federal court exercises limited jurisdiction pursuant to Article III of the Constitution. It may exert subject matter jurisdiction over claims in which: (1) there is a 'federal question' in that a colorable claim arises under the 'Constitution, laws or treaties of the United States, 28 U.S.C. § 1331; and/or if (2) there is complete 'diversity of citizenship' between each plaintiff and all defendants and a minimum of $75,000 in controversy, 28 U.S.C. § 1332." *Gonzalez v. Ocwen Home Loan Servicing*, 74 F. Supp. 3d 504, 511 (D. Conn. 2015), *aff'd sub nom. Gonzalez v. Deutsche Bank Nat. Tr. Co.*, 632 F. App'x 32 (2d Cir. 2016) (summary order).

Sawabini cannot invoke diversity jurisdiction over his state law medical malpractice and negligence claims because this suit is between citizens of

New York. *See* Am. Compl., Dkt. No. 36 at 2–3 (identifying citizenship of the parties). And as the medical defendants correctly explain in their moving papers, plaintiff has failed to allege a "colorable" federal claim under the FDA or any other federal statute. Defs.' Mem., Dkt. No. 45-1 at 9–12. In the absence of a basis for exercising jurisdiction, the case must be dismissed. *See* FED. R. CIV. P. 12(h)(3).

Nor will Sawabini be given leave to amend. "[A]lthough district courts in this Circuit are generally reluctant to dismiss a *pro se* plaintiff's action without permitting leave to replead, the Second Circuit has explained that it is nevertheless appropriate to do so in cases where it appears that granting leave to amend is unlikely to be productive." *Forjone v. Dep't of Motor Vehicles*, 414 F. Supp. 3d 292, 303 (N.D.N.Y. 2019) (cleaned up).

That standard has clearly been met. It is hard to make heads or tails out of Sawabini's latest pleading or his additional submissions. *Ceparano v. Suffolk Cty.*, 2010 WL 5437212, at *3 (E.D.N.Y. Dec. 15, 2010) ("[P]rolix, unintelligible, speculative complaints that are argumentative, disjointed and needlessly ramble have routinely been dismissed in this Circuit.").

As before, though, the "discernible core" of plaintiff's amended complaint is his argument about medical treatment decisions attributable to the named defendants. And as before, the remedy for this kind of state law claim lies in state court.

## V. **CONCLUSION**

Sawabini's amended complaint will be dismissed and his various motions will be denied. The Court notes that this is at least the second time that plaintiff has filed a federal suit that attempts to assert medical mistreatment claims arising out of broadly the same factual allegations (*i.e.*, mistreatment connected to a spine injury) against the same group of medical professionals.

Sawabini should take note that further lawsuits filed in this federal judicial district that arise out of the same or similar factual allegations run the risk of being dismissed *sua sponte* as frivolous. *See, e.g.*, *Kraemer v. City of N.Y.*, 2020 WL 1974204, at *4 (S.D.N.Y. Apr. 24, 2020) (dismissing as frivolous a fee-paid *pro se* litigant's complaint and denying leave to amend as futile).

Therefore, it is

ORDERED that

1. The medical defendants' motion to dismiss is GRANTED; and

2. Sawabini's amended complaint is DISMISSED without leave to amend.

The Clerk of the Court is directed to terminate any pending motions and close the file.

IT IS SO ORDERED.

_____
David N. Hurd
U.S. District Judge

Dated: May 25, 2021
       Utica, New York.